UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDDIE GONZALES, | ) | Case no. EDCV 08-0086-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Freddie Gonzales filed a complaint on January 23, 2008, seeking review of the Commissioner's decision denying his applications for disability benefits. The Commissioner answered the complaint on June 3, 2008, and the parties filed a joint stipulation on August 8, 2008.

**BACKGROUND**

**I**

On October 5, 2004 (protective filing date), plaintiff applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program

("SSI") of Title XVI of the Act, 42 U.S.C. § 1382(a), claiming an inability to work since April 25, 2002, due to back and right leg injuries and hepatitis C. Certified Administrative Record ("A.R.") 69-72, 98, 397-400. The plaintiff's applications were initially denied on December 15, 2004, and were denied again on March 30, 2005, following reconsideration. A.R. 26-30, 33-39, 402-06, 408-13. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge James S. Carletti ("the ALJ") on January 11, 2007. A.R. 40, 414-29. On April 12, 2007, the ALJ issued a decision finding plaintiff is not disabled. A.R. 9-17. The plaintiff appealed this decision to the Appeals Council, which denied review on November 30, 2007. A.R. 4-8.

**II**

The plaintiff, who was born on August 28, 1949, is currently 59 years old. A.R. 70, 397. He has a twelfth-grade education, has received training as an automobile mechanic, and has previously worked as a maintenance worker and a welder. A.R. 86-91, 99-100, 104, 109-13.

On April 25, 2002, plaintiff injured his back at work. A.R. 195, 264, 296. On May 13, 2002, Luisito L. Francisco, M.D., examined plaintiff at the San Bernardino Medical Group, diagnosed him with cervical and lumbar spine strain and released him to return to work at modified duties with a restriction of no lifting of greater than 5 pounds.[1] A.R. 291, 295-96, 313. Lumbar spine x-rays taken May 13,

---

[1] Although plaintiff had some mental complaints, this opinion addresses only plaintiff's physical problems.

2

2002, revealed minimal osteophytes with facet arthropathy at L5-S1, while cervical spine x-rays were normal. A.R. 292-93, 347-48. On May 17, 2002, Wilfredo M. Tupas, M.D., diagnosed plaintiff with an acute lumbar sprain, referred him for physical therapy, and placed him on a modified work schedule with no lifting of greater than 5 pounds. A.R. 289-90. Dr. Tupas placed plaintiff off of work from May 18, 2002, through July 1, 2002. A.R. 287-88. On July 2, 2002, Dr. Tupas diagnosed plaintiff with low back and left hip strains, noted plaintiff was still symptomatic despite 15 sessions of physical therapy and conservative management, and referred plaintiff for an orthopedic consultation. A.R. 285-86.

On July 19, 2002, Thomas K. Donaldson, M.D., an orthopedic surgeon, examined plaintiff and diagnosed him with lumbar spine myofascial strain and paraspinal pain. A.R. 276-81. Dr. Donaldson released plaintiff to return to sedentary work only,[2] with no pushing, pulling, or lifting over 10 pounds. A.R. 280. Low back x-rays and a lumbar spine MRI were generally normal. A.R. 273, 280, 282.

On August 10, 2002, G. Sunny Uppal, M.D., examined plaintiff, diagnosed him with discogenic low back pain, and opined plaintiff was temporarily totally disabled. A.R. 264-70, 272. X-rays of

---

[2] Under the version of California's workers' compensation terminology then in effect, sedentary work meant the individual "can do work predominantly in a sitting position at a bench, desk or table with a minimum of demands for physical effort and with some degree of walking and standing being permitted." Schedule for Rating Permanent Disabilities, Spine and Torso Guidelines, 2-15 (Labor Code of California, April 1997). The Schedule for Rating Permanent Disabilities has been revised, effective January 2005.

plaintiff's lumbar spine taken on August 22, 2002, revealed spondylosis[3] at L4-L5 and L5-S1.  A.R. 271.  Dr. Uppal treated plaintiff with lumbar epidural injections in December 2002 and February 2003.  A.R. 164-87, 251, 256, 259.  On April 22, 2003, Dr. Uppal performed a lumbar spine discogram, which was positive at L2-L3, but otherwise negative.  A.R. 149-63, 238-39.  On August 14, 2003, Dr. Uppal again diagnosed plaintiff with discogenic back pain, determined plaintiff was permanent and stationary,[4] and opined plaintiff was a qualified injured worker[5] who was precluded from heavy lifting and repetitive bending and stooping using his lower back,[6] should perform

---

[3] Spondylosis is "a general term for degenerative changes due to osteoarthritis." Dorland's Illustrated Medical Dictionary, 1684 (29th ed. 2000).

[4] "A disability is considered 'permanent and stationary' for workers' compensation purposes 'after the employee has reached maximum medical improvement or his or her condition has been stationary for a reasonable period of time.'" Booth v. Barnhart, 181 F. Supp. 2d 1099, 1103-04 n.3 (C.D. Cal. 2002) (citations omitted); Robertson v. Workers' Comp. Appeals Bd., 112 Cal. App. 4th 893, 897, 5 Cal. Rptr. 3d 485 (2003).

[5] Under California's workers' compensation system, an employer is required to provide vocational rehabilitation "'[w]hen an employee is determined to be medically eligible, i.e., a Qualified Injured Worker.'" Gamble v. Workers' Comp. Appeals Bd., 143 Cal. App. 4th 71, 81, 49 Cal. Rptr. 3d 36 (2006) (citations omitted).  "'Medical eligibility contemplates the injured worker will be permanently precluded from returning to his or her usual occupation or position held at the time of the injury.'"  Id. (citation omitted).

[6] Under the version of California's workers' compensation guidelines then in effect, a disability precluding heavy lifting and repeated bending and stooping "contemplates the individual has lost approximately 50% of pre-injury capacity for lifting, bending and stooping."  Schedule for Rating Permanent Disabilities, Spine and Torso Guidelines, 2-14 (Labor Code of California, April 1997).

4

no pushing, pulling or lifting of over 25 pounds, and was limited in sitting.  A.R. 190-92, 212-25, 229-31, 352.  On August 28, 2003, Dr. Uppal reexamined plaintiff, diagnosed him with lumbar radiculitis[7] and discogenic back pain and again opined plaintiff was temporarily totally disabled.  A.R. 209-10.  On January 12, 2005, Dr. Uppal reexamined plaintiff, diagnosed him with discogenic disease at L2-L3, recommended plaintiff continue with home stretching exercises, prescribed medication to plaintiff, and opined plaintiff continued to be permanent and stationary.  A.R. 370.

On August 5, 2004, H. Shoji, M.D., performed a qualified medical examination on plaintiff and diagnosed him with a lumbar spine strain superimposed on degenerative disc disease.  A.R. 194-207.  Dr. Shoji opined plaintiff was permanent and stationary as of August 14, 2003, and was a qualified injured worker who should be prophylactically precluded from heavy lifting.  A.R. 203.  Dr. Shoji disagreed with some of Dr. Uppal's conclusions, stating:

> Doctor Uppal placed [plaintiff] on permanent and stationary status of August 14, 2003.  On [Dr. Uppal's] record[,] range of motion of the lumbar spine was limited but there was no description of straight leg raising test.  Neurological examination was documented as entirely negative.  The results of my physical examination [of plaintiff] are also negative for neurological findings.  Range of motion of the

---

[7] Radiculitis is "inflammation of the root of a spinal nerve, especially of that portion of the root which lies between the spinal cord and the intervertebral canal."  Dorland's Illustrated Medical Dictionary at 1511.

> lumbar spine was much better than Doctor Uppal described. The [plaintiff] does not have any complaints of leg pain. [Plaintiff] testified that although Doctor Uppal discussed surgical treatment [Dr. Uppal] himself was not advising surgical treatment. Doctor Uppal suggested that [plaintiff] keep on living with the pain. The statement of [Dr. Uppal's] described in the deposition transcript[8] certainly does not agree with his evaluation of the subjective factors of disability on August 14, 2003, where it was rated intermittent severe constant moderate low back pain. The results of his and my clinical examination with minimal findings on MRI do not go along with Doctor Uppal's subjective factors of disability, either. His advice to the [plaintiff] and his evaluation of subjective factors contradict each other, too. Although Doctor Uppal reported positive discogram at L2-3 level, the interpretation of positiveness came from leak of the dye and increasing pain reaction of the [plaintiff]. The interpretation of the discogram has [a] significant subjective element inherently. It is my impression that this [plaintiff] did not have [a] truly positive discogram that would indicate segmental instability of the lumbar spine.

A.R. 202 (footnote added).

---

[8] Dr. Shoji's review of records including a transcript of plaintiff's deposition in the underlying worker's compensation case, taken on March 4, 2004. A.R. 198-99.

6

On January 28, 2003, Gary M. Wernick, M.D., performed a liver biopsy on plaintiff, which showed plaintiff has chronic hepatitis C, which Dr. Wernick successfully treated with medication. A.R. 301, 307, 345-46. On December 16, 2004, Dr. Wernick again examined plaintiff, and found he was doing well and his liver function tests were all within normal limits. A.R. 368.

Medical expert Victor G. Schorn, M.D., testified at the administrative hearing that plaintiff has degenerative disc disease at the L2-L3 level, a cirrhotic liver and hepatitis C. A.R. 425-26. Dr. Schorn opined that plaintiff's liver problems would cause him to tire rather easily and, at best, he can probably perform sedentary work.[9] A.R. 426.

**DISCUSSION**

**III**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); Bray v. Astrue, 554 F.3d 1219, 1222 (9th Cir. 2009).

---

[9] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

//

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. §§ 404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the

claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff "has not engaged in substantial gainful activity since May 13, 2002." (Step One). The ALJ then found plaintiff has the following severe impairments: "discogenic back pain and [a] history of hepatitis C"; however, plaintiff's mental impairment is not severe (Step Two), and he does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff can perform his past relevant work as a maintenance worker; therefore, he is not disabled. (Step Four).

## IV

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). Here, the ALJ found plaintiff has RFC to perform medium work.[10] A.R. 15. However, plaintiff contends the ALJ's RFC finding, and Step Four determination, are not supported by substantial evidence because, among other things, the ALJ erroneously rejected the opinion of his treating physician, Dr. Uppal. The plaintiff is correct.

The medical opinions of treating physicians are entitled to

---

[10] Under Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

9

special weight because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). Therefore, the ALJ must provide clear and convincing reasons for rejecting the uncontroverted opinion of a treating physician, Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998), and "[e]ven if [a] treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." Reddick, 157 F.3d at 725; Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

Dr. Uppal opined plaintiff is precluded from repetitive bending and stooping using his lower back and he cannot perform any heavy lifting, which Dr. Uppal explained means any pushing, pulling or lifting of more than 25 pounds. A.R. 192, 214-15, 230, 352. Although the ALJ appears to have relied, in part, on Dr. Uppal's opinion, A.R. 15-16, the ALJ's RFC determination that plaintiff can perform medium work is inconsistent with Dr. Uppal's limitation precluding lifting of more than 25 pounds. The ALJ's implicit rejection of this opinion of Dr. Uppal's, without providing any reason for doing so, is legal error, which means the RFC determination is not supported by substantial evidence. Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007); Aukland v. Massanari, 257 F.3d 1033, 1037 (9th Cir. 2001). Since the ALJ's RFC finding that plaintiff can perform medium work is the basis for the Step Four determination that

plaintiff can perform his past relevant work as a maintenance worker,[11] the Step Four determination also is not supported by substantial evidence. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056-57 (9th Cir. 2006); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004).

V

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, remand is appropriate so the ALJ can properly consider Dr. Uppal's opinion,[12] properly assess plaintiff's RFC, and determine whether plaintiff is

//
//
//
//
//

---

[11] The vocational expert testified at the administrative hearing that plaintiff's past relevant work as a maintenance worker is medium work. A.R. 427.

[12] The ALJ should consider that physicians such as Drs. Uppal and Shoji who examine California workers' compensation applicants use different terminology than used in evaluating Social Security claimants. Desrosiers v. Sec. of Health & Human Serv., 846 F.2d 573, 576 (9th Cir. 1988); Payan v. Chater, 959 F. Supp. 1197, 1202-03 (C.D. Cal. 1996).

//

disabled.[13] Widmark v. Barnhart, 454 F.3d 1063, 1070 (9th Cir. 2006); Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003).

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  April 8, 2009              /S/ ROSALYN M. CHAPMAN
                                    ROSALYN M. CHAPMAN
                                    UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-0086.mdo
4/8/09

---

[13]  Having reached this conclusion, it is unnecessary to reach plaintiff's other claims, which would not warrant further relief than herein granted.

12